IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 3:09-CR-0222-B |
| | § | |
| KESHONNA HUNNICUTT-LEFTRICK | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On August 1, 2013, Defendant, a *pro se* federal prisoner, filed her *Motion to Change Method by Which Balance of Sentence is Served* (Doc. 76), which has been referred to the undersigned for recommendation. *See* 28 U.S.C. § 636(b). For the reasons that follow, the motion should be denied.

Defendant pled guilty to fraud in connection with access devices and was sentenced to 71 months' imprisonment and a three-year term of supervised release, and ordered to pay restitution in the amount of $218,383.56. *United States v. Hunicutt-Leftrick*, No. 3:09-CR-0222-B (N.D. Tex. Feb. 9, 2010), *appeal dismissed as frivolous*, No. 10-10576 (5th Cir. 2011). In the instant motion, Defendant proffers that she has served about 41 months of her sentence, and requests that she be released to home confinement or a halfway house-like facility for the remainder of her term. (Doc. 76 at 1-2). She contends the Bureau of Prisons (BOP) has failed to set up a Family Unity Demonstration Project of halfway house-like facilities for mothers of young children as authorized by 42 U.S.C. § 13882, and, therefore, the Court is empowered to fashion an effective alternative remedy to effectuate the goal of section 13882. *Id.* Defendant bases her request for modification on 18 U.S.C. § 3553 and 42 U.S.C. § 13882. Neither of these sections authorizes the relief Defendant seeks, however.

Section 3553 outlines the factors and guidelines a court must consider in imposing a sentence. However, section 3553 does not authorize modification of a sentence once it is imposed. Defendant does not cite any authority, nor has the Court found any, to support her contention that section 3553 can or should be considered in a post-judgment motion for sentence modification. Similarly, section 13882 does not authorize the sentencing court to modify a federal sentence after it has been imposed. District courts in other circuits have arrived at the same conclusion. *See, e.g., United States v. Wright*, 2008 WL 4219076, *1 (D. Utah 2008) (finding sections 3553 and 13882 inapplicable and denying sentence modification); *United States v. Meza-Pena*, 2013 WL 2991059, *1 (E.D. Ca. 2013) (same); s*ee also United States v. Lawton*, 2011 WL 5506282, *2 (D. Kan. 2011) (same); *United States v. Robertson*, 2008 WL 961614, *1-2 (E.D. Okla. 2008) (same).

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (citing *United States v. Blackwell*, 81 F.3d 945, 947-48, 949 (10th Cir. 1996)). Indeed, a "court's authority to modify a previously imposed sentence is limited to the specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b)." *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). 18 U.S.C. § 3582(c) provides that "the court may not modify a term of imprisonment once it has been imposed except" in three limited circumstances: (1) upon a motion by the Director of the Bureau of Prisons; (2) if such modification is expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; or (3) if a sentencing range has subsequently been lowered by the Sentencing Commission." However, none of these enumerated circumstances exists in the case *sub judice*.

For the foregoing reasons, it is recommended that Defendant's *Motion to Change Method by Which Balance of Sentence is Served* (Doc. 76) be **DENIED**.

SIGNED August 19, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE